No. 2530.

HICKS & BROTHER *v.* ROSS & REDDITT.

1. CHATTEL MORTGAGE.—A chattel mortgage is valid without acknowledgment by the maker; and by depositing it with the county clerk, in his office, the holder has fully complied with the statute on the subject. (Rev. Stats., appendix 15, 16.)

2. DISPOSAL OF MORTGAGED PROPERTY.—The mortgagor of his cotton crop by agreement obtained a quantity of seed cotton in exchange for a bale of the mortgaged cotton, and delivered the seed cotton to the mortgagee upon the mortgage. The mortgaged bale was delivered to other purchasers. In a suit by the mortgagee to foreclose the mortgage upon the bale of cotton, the purchasers having shown the facts in evidence were entitled to judgment for the bale of cotton against the mortgagee.

3. EQUITY.—While the mortgagor did not have power to sell, yet having paid the price obtained to the mortgagee, the retention of the price is equivalent to a ratification of the sale. The mortgagee could not have the cotton and its price.

APPEAL from Shelby. Tried below before the Hon. James I. Perkins.

This is an appeal from a judgment in the district court in an appeal case from a justice's court, the issue being the ownership of a bale of cotton of the value of thirty dollars.

Appellants claim title under one Mrs. Snyder, the mother of John C. Gibbs, under whom the appellees claim.

The facts are given in the opinion.

*Field & Oliver* and *Davis & Lucky*, for appellants, cited Fievel v. Zuber, 67 Texas, 280.

*D. M. Short* and *H. M. Short*, for appellees, cited Flanagan v. Cushman, 48 Texas, 241; Fievel v. Zuber, 67 Texas, 280.)

WALKER, ASSOCIATE JUSTICE.   Ross & Redditt, having a mortgage upon the cotton crop upon eight acres cultivated by Jno. C. Gibbs, brought suit to foreclose the lien upon a bale of the cotton.   After it was seized by the sheriff, under a writ of sequestration, Hicks & Bro. made affidavit of ownership and filed claim bond under the statute.

In the justice's court Ross & Redditt recovered, as also in the district court, and Hicks & Bro. appeal.

It appears that Gibbs, on July 12, 1886, made a mortgage to Ross & Redditt, to secure seventy-five dollars and future advances, upon his entire cotton crop then growing, being about eight acres, upon his mother's land.   The mortgage was not proved or acknowledged for record but was filed and deposited with the county clerk, having been marked, "filed for record September 13, 1886."   It appears that Mrs. Snyder, the mother of Gibbs, with her minor sons, cultivated a patch of about three and one half acres in cotton, and that this was not included in the mortgage.   Jno. C. Gibbs, the maker, did not intend to include the patch, nor had he authority to include it, in his mortgage

Ross & Redditt made further advances to Gibbs upon the mortgage.

When the cotton was picked two bales of it were ginned at Estis's gin.   The cotton raised in the patch was housed at the dwelling of Mrs. Snyder.   She was indebted to Hicks & Bro., and promised them the cotton she should raise upon their account.

By an arrangement between Gibbs and his mother the cotton in the seed, one thousand six hundred and seventeen pounds, she had raised, was taken by the son and delivered to Ross & Redditt at two and a half cents per pound.   In exchange therefor she was to have from her son one of the bales at Estis's

gin. The seed cotton was delivered to Ross & Redditt and an order drawn on Estis for the delivery of the bale of cotton to Hicks & Bro. The proceeds of the seed cotton, forty-one dollars and seventeen cents, was credited upon the mortgage, or rather upon the account secured thereby. Gibbs, in turning over this cotton, spoke of it as his, as it was, if the exchange with his mother for it be not invalidated.

After securing the seed cotton Ross & Redditt brought the sequestration suit and caused to be seized the bale of cotton, which weighed four hundred and twenty pounds, and which Mrs. Snyder had obtained from her son and turned over to Hicks & Bro.

The chattel mortgage was valid without the acknowledgment for record. The act of April 22, 1889, sections 1, 2 and 4, was fully complied with by the holders of the lien (Rev. Stat., Appendix, pp. 15, 16,) by depositing it with the county clerk.

The testimony shows that the one thousand six hundred and seventeen pounds seed cotton delivered by Gibbs belonged to his mother, Mrs. Snyder, until by agreement with her he obtained it in exchange for the bale of cotton at Estis's gin. Gibbs had no legal power to sell the bale of cotton, and his sale of itself would not affect the rights of the mortgagees. The parties Ross & Redditt, having credited the price of the one thousand six hundred and seventeen pounds (forty-one dollars and seventeen cents) upon their prior indebtedness, they stand in the same rights with their vendor—they are not bona fide purchasers so as to conclude a prior equity. Hicks & Brother, in like manner, have only the right of their vendor, Mrs. Snyder. To enforce the mortgage against the bale of cotton would be to avoid the exchange by which it was attempted to be conveyed by Gibbs to Mrs. Snyder. Such action would give to her the right to reclaim her seed cotton, for Ross & Redditt could not claim under and against the contract between Gibbs and his mother. If they claimed as against her (or her vendees holding her right) the right to the seed cotton, they could not against it claim also the bale. They could not have the thing and its price.

But it may be urged that the trade between Gibbs and mother, without the knowledge or consent of the mortgagees, did not affect them. But they subsequently were advised of the transaction. They could sanction or avoid it, either ex-

pressly or by their actions under or against it. In proceeding against the bale of cotton they would be required to surrender or account for the seed cotton. For one receiving the consideration of a contract made without his authority is held to have ratified it, and such ratification is equivalent to a previous consent. (66 Texas, 216, Gruner v. Westin; Guadalupe y Calvo Mining Co. v. Beatty, 1 S. W. Rep., 348, and cases; Pom. Eq., sec. 916; Jones on Chat. Mort., sec. 661.)

If Gibbs had sold the bale for its full cash value in money, and had delivered the money received to the mortgagees, it would seem equitable that such transaction would discharge the lien. The right of the mortgagees is to have the property sold and to have the proceeds of the sale applied to their debt. This has in effect been done, and it would seem that their rights would be satisfied and the lien extinguished. Retaining the price, they release the property.

In this case, Ross & Redditt having the forty-one dollars and seventeen cents, the value of the lint cotton not subject to their lien, obtained by Gibbs as the price for or in exchange for the bale in controversy, worth but thirty dollars, they will not be allowed while retaining the price to enforce the lien upon the bale in the hands of Hicks & Brother.

The judgment should have been for the claimants, and it will be so rendered.

*Reversed and rendered.*

Opinion delivered October 12, 1888.