## JARVIS v. SPANGLER. (No. 2735.)

(Court of Civil Appeals of Texas. Texarkana. April 19, 1923.)

**I. Landlord and tenant ☞330(I)—Remedies of landlord, after tenant's unauthorized sale of cotton subject to landlord's lien, stated.**

Where a tenant has, without authority, sold cotton on which his landlord has a lien, the landlord has two remedies: He may ignore the sale, and follow the cotton, and seek a foreclosure of his lien; or he may abandon the right of foreclosure and sue the purchaser for damages for conversion or damage to the security or its loss.

**2. Landlord and tenant ☞328(3)—Landlord accepting portion of proceeds of unauthorized sale of cotton by tenant waived right to follow cotton.**

Where a landlord, after learning of an unauthorized sale, by his tenant, of cotton on which he had a landlord's lien, has accepted from the tenant one-fourth of the proceeds of the sale price, his right to thereafter follow the cotton and seek a foreclosure is lost, notwithstanding that, at the time of making the settlement with the tenant, he held a claim against such tenant that he did not then know of, it being his business to know the extent of his tenant's obligation.

Error from Kaufman County Court; W. P. Williams, Judge.

Action by A. P. Spangler against A. Y. Duke, wherein plaintiff secured the issuance of a distress warrant, which was levied on cotton then in the hands of R. Jarvis. Judgment for plaintiff against R. Jarvis, claimant, for the full value of the cotton, and claimant brings error. Reversed, and judgment rendered for said Jarvis.

Terry & Brown, of Terrell, for plaintiff in error.

Wynne & Wynne, of Kaufman, for defendant in error.

HODGES, J. In February, 1920, the defendant in error, Spangler, filed a suit in the justice court of Kaufman county against A. Y. Duke and others, to recover the sum of $166.10. The debt sued for was due for supplies furnished Duke by his landlord, to enable him to make a crop on rented premises during the year 1919. Spangler filed an affidavit and bond and secured the issuance of a distress warrant, which was levied on two bales of cotton grown by Duke on the rented premises, then in the hands of the plaintiff in error, Jarvis. A claimant's affidavit and bond were filed by Jarvis, and that branch of the case transferred to the county court of Kaufman county, because the value of the cotton levied on exceeded the jurisdiction of the justice court. In the original suit of Spangler v. Duke, a default judgment was rendered at the next term of the justice court for the full amount claimed. In June, 1921, the parties filed in the county court their tender of issues. Spangler pleaded, in substance, that the cotton levied upon was removed from the rented premises and sold without his knowledge or consent; that he had a landlord's lien on the cotton to secure the payment of a debt for supplies and advances made to Duke. Jarvis pleaded

that he had purchased the cotton in the open market, without notice of the plaintiff's claim. He also alleged that the plaintiff, Spangler, had ratified the sale of the cotton by accepting from Duke as rents a part of the consideration for which the cotton had been sold. In addition to this he pleaded specially that, if the plaintiff ever had a landlord's lien, he waived it by taking a personal judgment against the tenant in the justice court without a foreclosure of his landlord's lien.

The court submitted to the jury only one issue of fact: Did the defendant in error, Spangler, waive his lien on the property? This question was answered in the negative, and upon that answer judgment was entered against the claimant for the full value of the cotton, which exceeded the amount of the debt held against Duke.

The contention of the plaintiff in error on this appeal is that the evidence conclusively shows a waiver of the landlord's lien, and that a verdict in his favor should have been directed in the trial below. The testimony shows that the cotton was grown upon the rented premises and was originally subject to a landlord's lien for the advances and supplies to the tenant, Duke. Prior to the sale of the cotton, Spangler, the defendant in error, approached Duke for the purpose of collecting the rents. He did not then either authorize or forbid the sale. Later Spangler learned that Duke had sold the cotton to Jarvis. He thereupon had a settlement with Duke, and accepted from Duke one-fourth of the proceeds which the latter had received from Jarvis for the cotton. He testified, however, that he did not then know of the existence of the claim held by him for supplies. After learning that he had such a claim, he endeavored to collect it from Duke; and, failing to do so, he filed the suit against Duke and procured the issuance of the distress warrant which was levied upon the cotton sold to Jarvis. It was agreed upon the trial that Jarvis bought the cotton in the open market, without actual notice of Spangler's claim, and that the value of the cotton exceeded the amount of the debt and costs of suit.

[1,2] We are of the opinion that the assignment should be sustained. It may be conceded that the tenant, Duke, had no legal right to dispose of this cotton without the consent of his landlord, and that he could not even by selling it in the open market to an innocent buyer impair the lien. But when such an illegal disposition of the cotton had been made the landlord had two remedies: He might ignore the sale, follow the cotton, and seek a foreclosure of his lien, or he might abandon the right of foreclosure and sue the purchaser for damages for the conversion of or damage to the security, or its loss; but he cannot accept the proceeds resulting from the unauthorized sale of the mortgaged property, and then subject the property itself to the payment of his debt. By knowingly accepting the proceeds of the sale the right of foreclosure is waived and lost. McCollum v. Wood (Tex. Civ. App.) 33 S. W. 1087; Hicks v. Ross, 71 Tex. 358, 9 S. W. 315; Gaudelupo, etc., Min. Co. v. Beatty (Tenn.) 1 S. W. 348; Adams v. Paton (Tex. Civ. App.) 173 S. W. 546. The undisputed evidence shows that Spangler accepted one-fourth of the proceeds of the purchase price of the cotton which had been sold to Jarvis, knowing that it had been sold. The fact that he did not then know that he held another claim against the tenant did not alter the legal effect of the transaction. It was his business to know the extent of the tenant's obligation.

The case of Adams v. Paton, supra, is referred to as holding to the contrary. That was a suit against the purchaser for the conversion of the incumbered property, and the only question there decided was that the acceptance of a part of the purchase price of the property did not prevent the lienholder from suing the purchaser for the remainder. Had Spangler brought this suit against Jarvis for conversion, instead of seeking to subject the property itself, the case would have been within the rule applied in Adams v. Paton.

The judgment of the trial court will be reversed, and judgment here rendered in favor of the plaintiff in error, Jarvis.