### JOSEPH REED v. M. A. SPIKES.

(No. 3515.)

APPEAL from Kaufman County. Opinion by WILLSON, J.

DILLARD & STROUD, counsel for appellant.

MARION & HUFFMASTER, counsel for appellee.

§ 169. *Chattel mortgage must be recorded, where; construction of statute; mortgage void as to subsequent purchasers, etc., when; case stated.* Appellant, Reed, sold to one Johnson two mules and one horse for $250, taking Johnson's note secured by a chattel mortgage on said property for said purchase price. This transaction took place in Ellis county, where Johnson at that time resided. The chattel mortgage was duly registered in Ellis county. Thereafter said Johnson removed from Ellis to Kaufman county, and, with appellant's consent, took said property with him. Johnson kept and used said property in Kaufman county until January 29, 1889, more than two years after he had removed the same to said county, and on that day he executed and delivered to W. A. Taylor & Bro. a mortgage upon the mules, said

mortgage containing a power of sale. In October, 1889, appellant, Reed, sued said Johnson in justice's court, in Kaufman county, upon said note, and to foreclose said chattel mortgage, and in November, 1889, recovered judgment in said suit, and an order for the sale of said property was issued, which was levied upon said mules. On November 9, 1889, Taylor & Bro. sold and delivered said mules to appellee, Spikes, under and by virtue of their mortgage aforesaid, and Spikes claimed said mules as his property, and upon a trial of the right of property established his claim and recovered judgment accordingly. Appellant, Reed, did not have his chattel mortgage registered in Kaufman county, and appellee, Spikes, at the time he purchased the mules from Taylor & Bro., had no actual notice of said chattel mortgage. It is contended by appellant that the registration of his chattel mortgage in Ellis county was constructive notice to appellee of said lien. This presents the only question in the case. In relation to chattels, it is provided that a mortgage thereon shall be registered in the county where the property is situated at the time, or in the county of the mortgagor's residence. [Sayles' Civil St., art. 3190b.] It is further provided that, if the mortgagee, or person claiming under the mortgage, shall permit a person in whose possession the property may be to remove the same out of the county in which the mortgage has been registered, and shall not, within four months after such removal, cause the mortgage to be registered in the county to which the property has been removed, such mortgage, so long as it remains so unregistered, shall be void as to creditors and as to purchasers of said property for valuable consideration without notice. [Id., art. 4341.] This last-named provision of the statute is not inconsistent with the chattel mortgage act of April 22, 1879, and was not repealed by said act, but is still the law of this state. [Id., art. 3190b.] We are of the opinion that appellant's mortgage was void as to appellee, because appel-

lant permitted the mules to be removed from Ellis to Kaufman county, and did not have said mortgage registered in the latter county. Said mortgage was not constructive notice to Taylor & Bro., or to appellee, and appellee is an innocent purchaser for a valuable consideration, without notice, of the mules.

November 12, 1890.        Affirmed.