## GEORGE W. CLEVELAND v. EMPIRE MILLS ET AL.

### No. 191.

1. **Chattel Mortgage — Notice Dates From Filing.** — Under article 3190b, Sayles' Civil Statutes, which provides that chattel mortgages, where the possession of the property mortgaged is not changed, "shall be absolutely void as against the creditors of the mortgagor or person making same, and as against subsequent purchasers and mortgagees or lien holders in good faith, unless such instrument or a true copy thereof shall be forthwith deposited with and filed in the office of the county clerk," the failure of the clerk to enter the mortgage in the proper book, after it had been filed or deposited with him, does not affect the rights of the mortgagee. Notice dates from the time the mortgage is filed, and not from the time the index and entries are made.

2. Right of Trustee to Sell at Retail—Charge.—Where there was no evidence that the trustee in a deed of trust to secure preferred creditors went into possession of the mortgaged stock for the purpose of selling same out in the ordinary course of a retail dealer, it is error to instruct the jury that such purpose would render the conveyance void. Besides, if such understanding had been made, since the evidence shows that the goods conveyed were of less value than the amount of the preferred claims, the preferred creditors only are interested in the management of the property by the trustee.

3. Possession — Issues of Fact must be Submitted to Jury.— When a debtor executes a deed of trust to secure preferred creditors and does not deliver possession to the trustee, but retains possession and control of the property, the conveyance is prima facie void. It was error for the court to assume that the mortgagor remained in possession when the evidence on that point was conflicting.

4. Special Charge Properly Refused, but Sufficient to Suggest Proper Charge.—It was not error to refuse a special charge which would have indicated the opinion of the court as to the weight of the evidence when there was an issue made thereby; yet the charge being sufficient to call the attention of the court to the issues therein mentioned which were made by the pleadings and proof; the court should have submitted such issues to the jury under appropriate instructions.

5. Deed of Trust to Secure Preferred Creditors — Fraud.—Under our law, where the grantor fails to deliver the property to the trustee, and continues to dispose of it in the usual course of trade. the transaction would be prima facie evidence of fraud, and if not explained away makes the transaction void as to creditors. But it may be explained, being a mere badge of fraud and not fraud per se, and the facts in reference thereto should be submitted to the jury.

6. Misconduct of Trustee and Mortgagor.—If such conveyance was executed in good faith and possession delivered to the trustee, the subsequent mismanagement of the estate by the trustee would not affect the validity of the conveyance, nor would the conduct of the grantor when not consented to or acquiesced in by the beneficiaries; yet such conduct on their part should be permitted in evidence in order for the jury to judge of the good faith of the transaction.

Appeal from Dallas. Tried below before Hon. R. E. Burke.

*Leake, Shepard & Miller*, for appellant.—1. If a mortgagee or trustee in a deed of trust deposits the instrument with the county clerk, he has done all that the law requires to secure the lien; he is not bound to see that the clerk does his duty in making the entries and index, as required by the statute. Freiberg, Kline & Co. v. Magale, 70 Texas, 116; Cook & McElvey v. Halsell, 65 Texas, 1.

2. Under their second assignment of error discussed in the opinion, they cited: Denham v. Lumber Co., 73 Texas, 78; Wootters v. Kauffman & Runge, 73 Texas, 395; Railway v. Harriet, 80 Texas, 73.

*McCormick & Spence*, for appellees.

RAINEY, ASSOCIATE JUSTICE.—This suit was brought by appellant against the Empire Mills and W. H. Lewis, sheriff of Dallas County, to recover damages for the wrongful conversion of certain property claimed to be conveyed to said Cleveland by one A. Ludwig, in trust for the benefit of certain creditors of said Ludwig. Appellee Empire Mills brought suit against said Ludwig, and caused an attachment to issue, which was levied on said property by said Lewis, sheriff.

Appellees pleaded that said conveyance was fraudulent as to creditors. That said property remained in the possession of Ludwig after the execution of the conveyance, by virtue of an understanding between said Ludwig and said Cleveland at the time of the execution of said conveyance, and that said conveyance was never deposited for registration nor registered in accordance with law, and they never had notice of same. A trial was had before a jury, and judgment rendered for appellees, from which said. Cleveland has appealed.

The first error assigned complains of that portion of the court's charge which is as follows: " You are told that under the law as applicable to the filing and recording of chattel mortgages, the chattel mortgage made by Ludwig to Cleveland in evidence, not having been filed and indexed or recorded as required by law, is void as to other creditors as a chattel mortgage."

Cleveland testified, that on the day the conveyance was executed he deposited the same with the county clerk of Dallas County for the purpose of registration, and that he intended the clerk to have it recorded at once. The copy of the conveyance read in evidence showed that it had been filed for record at 12:35 o'clock on the day of its execution, by a deputy of the county clerk of Dallas County. The said conveyance was recorded in record of trust deeds in which land mortgages are recorded. This evidence shows conclusively that the instrument was filed or deposited for record, there being none to the contrary.

The charge of the court then raised the question, Is the depositing with the clerk of a chattel mortgage for record sufficient to secure the lien given therein; or is it necessary, as against others, that it be indexed or recorded by the clerk?

Article 3190b, Sayles' Civil Statutes, says, that such mortgages, where the possession of the property mortgaged is not changed, "shall be absolutely void as against the creditors of the mortgagor or person making same, and as against subsequent purchasers and mortgagees or lien holders in good faith, unless such instrument or a true copy thereof shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated." This much was done by the trustee in this case, and his rights can not be affected by the failure of the county clerk to do his duty. " When the mortgage was thus

deposited and filed, the duty of the mortgagee, as to protecting creditors. of the mortgagor and purchasers and lien holders claiming under him,. ceased; and he was not bound to see that the clerk performed his duty in making the entries and index required by the statute. Notice dates. from the time the mortgage is filed, and not from the time the index and entries are made." Freiberg, Klein & Co. v. Magale, 70 Texas, 116.. Under the facts of this case, the.charge was erroneous and should not have been given.

The second assignment complains of that portion of the court's charge as follows: "If, however, from the evidence, you find that at the time the mortgage was not executed in good faith, or if you find that Cleveland went into possession of the stock of groceries for the purpose of selling the same out in the ordinary course of a retail dealer in trade, or if from the evidence you believe that at the time the mortgage was executed it was understood between Cleveland and Ludwig that Ludwig should continue in charge of the stock, and sell it out in the usual and ordinary manner and course of a retail dealer, then, in either event, the conveyance would be void, and your verdict should be for the defendants."

The objection urged is that there was no evidence to support it. We think the objection well taken. The deed of trust authorized the trustee to sell the property, " or so much thereof as may be necessary to pay the said indebtedness, as soon as practicable, at private or public sale, in bulk or otherwise, for cash," etc. There was no evidence that Cleveland went into possession " for the purpose of selling the same out in the ordinary course of a retail dealer." Besides, if such an understanding had been made, it does not necessarily follow that it would have rendered the deed of trust void. The evidence shows that the goods conveyed were of less. value than the amount of the preferred claims. Under such circumstances the preferred creditors only are interested in the management of the property by the trustee.

In the case of Bank v. Marshall, 1 Texas Civil Appeals, 704, in a case similar to the one at bar, the court said: "If it be true that the debtor has transferred to the trustee all of his property for the benefit of the preferred creditors, and the property is less in value than the debts. secured, and the instrument permits a sale in due course of trade or otherwise, we fail to see how such fact is calculated to hinder and delay and defraud other creditors. It is true that the effect of such a transaction would be to hinder and delay, and possibly defeat, the claims of the secured creditors; but this is successfully answered by the law permitting an insolvent debtor to prefer a creditor, when no advantage or benefit results. to the debtor by such transaction, or the creditor gets no more than his debt. * * * Under the facts, we do not see how the fact that the trustee.can sell in the usual course of trade operates as a fraud upon ap--

pellant, as it is apparent that a disposition of all of the goods is not suffi-
cient to satisfy the claims of the preferred creditors." Rainwater-Boogher
Hat Co. v. Weaver, 4 Texas Civ. App., 594.

There was some little conflict in the evidence as to whether Ludwig re-
mained in charge of the stock; but the preponderance of the evidence tends
to show that he did not continue in charge. If he did not deliver posses-
sion to Cleveland, but retained possession and control of the property,
then the conveyance would be prima facie void. The court below assumed
that Ludwig remained in possession, which it should not have done, but
should have left that issue to be determined by the jury.

The next and only assignment that we deem necessary to notice is: "The
court erred in refusing to give plaintiff's special charge number 2, which
was as follows: 'The court further instructs the jury, that if they find
from the evidence that the deed of trust read to them was executed in
good faith by A. Ludwig, for the purpose of securing honest and bona
fide debts, then the mere fact that the trustee may have replenished the
stock of goods conveyed to him, by purchasing a few articles, would not
invalidate the deed of trust; nor would the mere fact that the mortgagor,
A. Ludwig, may have been found in the store selling goods after the exe-
cution of the deed of trust, unless he was there and so acting with the con-
sent of the trustee and the creditors secured by the deed of trust.' "

We are not prepared to say that the court erred in refusing to give this
charge, as it seems to be on the weight of the evidence. It called the at-
tention of the jury to Ludwig's selling goods, which might have led the
jury to infer that the court was of the opinion that his selling was the
only evidence of his being in possession of the goods. The testimony of
Rainwater indicates that he was in control and conducting the business in
the same manner as before the conveyance. All the other witnesses show
a different state of case, yet the trial judge should have avoided indicating
his opinion as to the weight of the evidence when there was an issue made
thereby.

Judge Stayton, in Freiberg v. Freiberg, 74 Texas, 126, says: "The
enumeration of facts, and declarations that they are badges of fraud,
should not be made in a charge to a jury if there be controversy arising
from the evidence as to the existence of the enumerated facts." And it
follows that telling the jury that certain facts are not fraudulent is ob-
jectionable. While this is true, the court should always apply the law
in his charge to the state of case made by the evidence. Under our law,
where the grantor fails to deliver the property to the trustee, and con-
tinues to dispose of it in the usual course of trade, the transaction would
be prima facie evidence of fraud, and if not explained away makes the
transaction void as to creditors. "But it may be explained, being a
mere badge of fraud, and not fraud per se, and the facts in reference to

it should be submitted to the jury." Van Hook v. Walton, 28 Texas, 73; Harness Co.. v. Schoellkopf & Co., 71 Texas, 422.

If the conveyance was executed in good faith, and possession delivered to the trustee, the subsequent mismanagement of the estate by the trustee would not affect the validity of the conveyance, nor would the conduct of the grantor, when not consented to or acquiesced in by the beneficiaries; yet such conduct on their part should be permitted in evidence, in order for the jury to judge of the good faith of the transaction under investigation, and such matters should be submitted to the jury by the court in such a manner as not to be on the weight of the evidence, and to let the jury determine from all the facts and circumstances in evidence the bona fides of .the transaction. The pleadings and proof in this case placed in issue the points mentioned in the special charge. While this charge was not technically correct, it was sufficient to call the attention of the court to the matters therein contained, and the court should have submitted the same to the jury under appropriate instructions.

For the reasons above given, the judgment of the court below will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered February 14, 1894.