## WALTER PARKER v. PANHANDLE NATIONAL BANK.

### No. 2047.

**1. Pleading—Answer to Cross-Action—Departure.**

Plaintiff brought an action against C. upon a note and to foreclose a chattel mortgage, and had the mortgaged property seized and sold under a writ of sequestration. P., who had been made a party defendant as claiming an interest in the property, filed an answer denying the validity of the mortgage, and setting up a claim through an attachment in another suit by him against C., and a sale thereunder, and praying for the value of the property. Plaintiff answered this by a supplemental petition, alleging his mortgage, averring that P. had by his attachment unlawfully converted the property, and praying judgment for its value. Held, that a demurrer to the supplemental petition on the ground that it was a departure in pleading, and set up a cause of action which could not be joined with the one set up in the petition, was properly overruled.

**2. Chattel Mortgage—Registration—Deposit With Clerk Sufficient.**

A chattel mortgage was deposited with the county clerk with instructions to file and register it as a chattel mortgage. He marked it filed and placed it with other chattel mortgages to be entered in its turn upon the chattel mortgage record. Held, that the mortgage was valid as against a creditor of the mortgagor who attached the property three weeks afterwards, and before the instrument had been entered upon the chattel mortgage record.

**3. Same—Withdrawal of Chattel Mortgage.**

The fact that a chattel mortgage was temporarily withdrawn from the county clerk's office by a third person, without the knowledge or consent of the mortgagee, does not invalidate the mortgage as against a creditor of the mortgagor suing out an attachment against the property after the mortgage has been returned to the clerk's office.

**4. Same—Conversion—Election of Remedy.**

Where mortgaged personal property is attached by a creditor of the mortgagor and sold by order of court as perishable property, and the mortgagee intervenes in the suit and obtains a judgment for the proceeds of the sale, he waives his right to sue for a conversion of the property and trespass in its seizure.

APPEAL from Wichita. Tried below before HON. GEO. E. MILLER.

*J. H. Cobb*, for appellant.—A new and distinct cause of action set up in the supplemental petition in reply to defendant's answer, is a departure, and a demurrer to the same should be sustained. Cole v. Kelsey, 2 Texas, 541, 1 Chitty on Pl., 644; Smith v. Kirkland, 1 So. R., 276, 18 Am. & Eng. En., 579; Benjamin v. Grant, 1 Devio, 152, Stephens Pl. 410;

Savage v. Aiken, 33 N. W. R., 241; Boone on Code Pl. sec. 105; Fire Insurance Co. of N. Y. v. Brown, 25th Atl. R., 989.

There was error in the conclusion of law of the court, holding that the Panhandle National Bank by intervening in the cause in the County Court, and procuring judgment therein for the proceeds of the five head of horses sold therein as perishable property, did not thereby elect to affirm said sale and waive its right to sue for the conversion of said horses. Hicks Bros. v. Ross & Reddit, 71 Texas, 358.

*R. E. Huff, A. A. Hughes,* for appellee.—The character of the original cause of action may be changed by amendment or supplemental pleading, so as to make the cause of action a new one, provided the subject matter of the suit remains the same. Miller v. Rogers, 49 Texas, 398; Blum v. Grabenheimer, 63 Texas, 369; Bell v. McDonald, 9 Texas, 378; Williams v. Randon, 10 Texas, 76; 45 Texas, 380.

When a mortgagee deposits a chattel mortgage with the county clerk of the proper county for the purpose of having it filed and registered, he has discharged all the duty incumbent upon him, and thereby fixes his lien upon said property, and gives notice thereof, and his rights can not be affected by any subsequent acts of the clerk, or of third parties. Willis Bros. v. Thompson, 85 Texas, 301; Freiburg v. Magale, 70 Texas, 117; R. S., 4334; Kennard v. Mabry, 78 Texas, 157; Fitch v. Boyer, 51 Texas, 336.

HUNTER, ASSOCIATE JUSTICE.—This suit was originally filed on the 18th day of December, 1893, by the Panhandle National Bank against D. J. Calkins alone, upon a note for $2000 executed by him to the plaintiff bank, and an attachment was sued out against the property of Calkins.

On 16th January, 1894, plaintiff amended and set up a mortgage given by Calkins to secure said note, upon certain real estate, two mules and five head of horses, and other personal property, alleging that H. T. Canfield, E. O. Skeen, W. B. Houston, E. M. Parish and Walter Parker were in possession of said mules and horses, claiming some sort of title thereto, and at the same time filed the proper affidavit and sued out a writ of sequestration for said mules and horses, upon the ground that its suit was to foreclose a mortgage lien thereon, and that it feared said property would be removed from the county during the pendency of the suit.

The said property was seized by the sheriff under this writ, and, upon proper application of the plaintiff, an order of court was obtained and the property was sold by him and the net proceeds, $599.14, paid into court.

Parker answered this amended pleading by general demurrer, general denial, and specially plead that plaintiff's mortgage had not been duly

registered as a chattel mortgage, and was void, and that on the 5th day of January, 1894, he filed suit in the County Court of Wichita County on a debt due to him from Calkins, and sued out an original attachment and levied the same upon the five head of horses seized and taken by plaintiff under its writ of sequestration, and by order of the County Court said horses were duly sold as perishable property, and the proceeds thereof paid by the sheriff into the hands of the clerk of the County Court, where it still remains, and that he, Parker, purchased two of said horses at said sale, worth $450, and being the owner thereof, the said plaintiff seized said two horses under its writ of sequestration and converted them to its own use, well knowing that its mortgage was void and it had no lien thereon, and he reconvenes against plaintiff for damages in the value of the horses, and for $500 vindictive damages.

Plaintiff filed a supplemental petition in reply to Parker's answer in reconvention, setting up its mortgage in answer to Parker's charge of unlawful seizure and conversion, and alleged that Parker had by his attachment unlawfully seized and converted the horses to his own use, and prayed for judgment for damages in the value of the five head of horses.

To this supplemental petition the defendant Parker filed a special exception, on the ground that it was a departure in pleading and set up a cause of action which could not be joined with the one set up in the petition. This demurrer was overruled, and error is assigned on this ruling.

We are of opinion that the special exception was properly overruled. Under our system of pleading the supplemental petition takes the place of the replication in common law pleadings, the office of which was simply to meet the allegations of defendant's answer with any new matter which tended to support and sustain the cause of action set forth in the declaration, but it was not permitted to contain a new or different cause of action from the one averred in the declaration. Rule 5 of the Rules for the District and County Courts, 84 Texas, 708, provides, that, "The plaintiff's supplemental petitions may contain exceptions, general denial, and the allegations of new facts not before alleged by him, in reply to those which have been alleged by the defendant"; but this supplemental petition was in fact an answer to the cross-action set up by defendant Parker against the plaintiff, and not purely a reply, and the matter objected to was perfectly proper in an answer to defendant's alleged trespass.

The record shows that the plaintiff's mortgage embraced both land and the horses in controversy, and was made on the 15th day of December, 1893, and on that day was carried by Mr. Huff, attorney for the plaintiff bank, and handed to Mr. Reed, the clerk of the County Court; and both Huff and Reed testify, and their evidence is uncontradicted, that Mr. Huff requested the clerk, when he deposited it in his hand in the clerk's office, to register it as a chattel mortgage and to record it in the mortgage record at length as a mortgage on real estate.

The clerk says he "noted on the instrument a memorandum that it should be entered as a chattel mortgage, entered it on the file register, and after having it recorded as a mortgage on real estate, placed it with other chattel mortgages to be entered in its turn, as there were a great many in the office. It was among the unentered chattel mortgages on January 5, 1894. If the mortgage was withdrawn by any one on December 26, 1893, it was without my knowledge or consent." Mr. Huff testifies that he "left the mortgage with the clerk intending it to be recorded as a real estate mortgage, and also to note it as a chattel mortgage, and that it was never withdrawn from the clerk's office with the knowledge or consent of the plaintiff bank."

The testimony does show, however, that Mr. Cameron, a stenographer of Houston & Skeen, attorneys at Wichita Falls, on the 26th of December, 1893, applied to a deputy clerk for the mortgage to make copies therefrom, and it was delivered to him and he carried it to Houston & Skeen's law office, away from the clerk's office, and kept it until the next day, but returned it to the clerk on the 27th, the next day. Mr. Cameron testifies that he was not acting for the bank, in getting the mortgage out of the clerk's office.

The defendant Parker on the 5th day of January, 1894, sued out a writ of attachment and levied on the horses described in the mortgage, as the property of D. J. Calkins, and employed as his attorney in his suit, John H. Cobb, who on that day, as his evidence shows, went to the clerk's office and without asking the clerk for the mortgage looked on the chattel mortgage register and found that it had not then been entered in that book. He also hunted among the chattel mortgages and failed to find it anywhere, and hence he concluded that it would be void for want of proper registry as a chattel mortgage, and proceeded to attach the horses and mules for Parker.

The third assignment of error complains that the court erred in admitting the mortgage in evidence as a valid chattel mortgage as against Parker, "because it had never been filed and deposited with the clerk of the County Court of Wichita County so as to make the same a valid lien on said horses as against the creditors of D. J. Calkins." The fourth assignment of error complains that the court erred in holding the mortgage to be valid as against the attachment lien of Parker.

We think the ruling of the court was correct in both instances.

When the plaintiff deposited the instrument in the clerk's office and told the clerk to file and register it as a chattel mortgage, and left it there, it did all that the law required it to do. It was the duty of the clerk to mark it filed, with the date of filing, and enter a note thereof in the chattel mortgage record, and then keep it in his office subject to inspection.

Section 1, Art. 3190b, Sayles' Civil Statutes, provides, that such instruments shall be "void as against creditors of the mortgagor . . . unless such instrument or a true copy thereof shall be forthwith deposited with, and filed in, the office of the county clerk," etc.

Section 7, Art. 3190b, provides, that "when deposited and filed in accordance with the provisions of this act, shall have the force and effect heretofore given to a full registration thereof, and all persons shall be thereby charged with notice thereof, and of the rights of the mortgagee thereunder."

It will be observed that it is the depositing and filing which operate as notice.

The law contemplates that either the original or a true copy shall remain in the clerk's office, but it does not charge the mortgagee with the duty of overseeing the clerk; and in this case it is not shown that the defendant was injured by being absent from the office on the 26th and 27th of December. He sued out his attachment on the 5th of January, following, and the evidence shows that his attorney knew of the mortgage and hunted for it on that day, but did not ask the clerk for it, which it was his duty to do, and which, if he had done, he would have learned that it was on deposit as a chattel mortgage, and had not been noted in the chattel mortgage register because of the want of time or negligence of the clerk; but, the clerk would have shown him the original as it was his duty to do. If it had then been out of the office, and not registered, the case might have been different.

The record shows that the defendant sued out an attachment from the County Court of Wichita County and levied it on the horses in controversy, and they were sold by order of that court and the plaintiff's attorney attended that sale and gave notice of his client's mortgage, and forbade the sale; but after the proceeds of the sale were paid into court, plaintiff intervened in that cause and set up his mortgage lien on the proceeds of the sale of the horses, and foreclosed his lien on the same, and the judgment of that court shows that the clerk was ordered to pay over to the intervenor bank the full amount of the proceeds of said sale, unless the bank's note and mortgage is fully satisfied by the foreclosure and sale of the property seized under process from the District Court in this suit.

Defendant Parker in this case, who was plaintiff in the County Court case, plead that the plaintiff bank had intervened in said County Court case, and had claimed a lien on the proceeds of the sale of said horses, and had obtained judgment therefor, and had thereby waived the trespass committed by defendant in seizing and selling said horses, and that for this reason the plaintiff is not entitled to recover against him for the value of said horses.

We think that by this intervention in the County Court, and claim upon the proceeds of the sale of the horses, the trespass committed by Parker's seizure of them and conversion was waived and condoned, and that it was conclusively an election to accept the proceeds of said sale in lieu of the horses themselves; and that the plaintiff thereby lost all lien under its mortgage or under its writ of sequestration to the said horses, and the conclusion of the court to the contrary we think was error. Hicks Bros. v. Ross, 71 Texas, 358.

We therefore conclude, upon the court's conclusions of fact, that the judgment in favor of the bank against Parker should be reversed and here rendered in favor of appellant for costs of both courts; and that in all other respects it is affirmed.

*Reversed and rendered in part.*

*Affirmed in part.*

Delivered December 14, 1895.

TARLTON, Chief Justice, did not sit in this case.

### ON MOTION FOR REHEARING.

HUNTER, ASSOCIATE JUSTICE.—On this motion it is called to our attention that the judgment of the County Court, which we refer to in our opinion as being a foreclosure of appellee's mortgage lien on the proceeds of the sale of the horses, in the hands of the county clerk, was modified on appeal from that judgment by this court, so as the same should be held by the clerk of the County Court until the appellee's mortgage lien should be foreclosed in this case, and that, as the judgment in this case gives no foreclosure on the horses or the funds in the County Court, there might arise confusion out of the decisions in the two cases, and consequently loss to appellee.

We therefore modify our judgment herein so that if the proceeds of the sale of the property attached in this cause, and of the mortgaged property, do not fully pay off and satisfy the judgment herein in favor of the Panhandle National Bank v. D. J. Calkins, then the fund in the hands of the county clerk, deposited as the proceeds of the sale of the horses in cause No. 647, entitled Walter Parker v. D. J. Calkins, in the County Court of Wichita County, shall be applied to the payment of said judgment, or so much thereof as may be necessary to satisfy the same.

*Judgment modified.*

Delivered February 21, 1896.