AMES IRON WORKS v. H. W. CHINN.

Delivered December 9, 1896.

**1. Trustee's Sale of Chattels—Possession of the Property.**

Where a deed of trust of personal property provides that the trustee may sell with or without taking possession, his sale thereof is valid, though he is not in possession at the time.

**2. Chattel Mortgage—Registry in What County—Refiling.**

Where a purchaser of machinery executed a chattel mortgage thereon to the seller, the property then being in the county of the seller's (mortgagee's) residence, but the parties contemplating its early shipment and removal to another county in which neither of the parties then resided, and the mortgage was filed in the latter county, to which the property was removed a few days after the filing, such registry was valid, without the mortgage having been first registered in the other county, and its refiling, after the property reached such latter county, was not essential.

**3.  Trust Deed—Execution Provable by Trustee.**

The trustee in a chattel deed of trust is a competent witness to prove the execution thereof, where no objection is made that the subscribing witnesses are not produced or accounted for.

**4.  Registry of Chattel Mortgage—Notice from Deposit—Neglect of Clerk.**

Failure of the county clerk to make the proper entries as to chattel mortgage duly deposited with him for registry, or to keep it in the proper place, will not affect the mortgagee's rights.

**5.  Chattel Mortgage—Description of Property.**

A description of the property in a chattel mortgage as "one Ames engine, with fittings and fixtures, 25 H. P., size, 7; one Ames boiler, with fittings and fixtures, 25 H. P., size 5, which are in my possession at V., in B. County," is sufficient, without identifying the machines by the numbers cast in them; and will be held at least sufficient to have put on inquiry one claiming by a subsequent mortgage from the same mortgagor.

APPEAL from the County Court of Brazoria.  Tried below before Hon. A. R. MASTERSON.

The record shows the following evidence in reference to the registry of the chattel mortgage:

"G. W. Gayle testified that he is and was in December, 1891, clerk of the County Court of Brazoria County, Texas; keeps chattel mortgages filed for record arranged alphabetically, so as to be easily found; keeps a register also.  The mortgage offered above was filed December 11, 1891, in my office; Mr. Shapard and others called to see if there was any mortgage on record; said mortgage was not filed with the others or registered; was under impression there was no such mortgage in the office, but about time this suit was filed, was shown a card written by himself, stating that same had been filed; then hunted carefully for it, and found it in his office vault."

*Duff & Sproles* and *Coke & Coke*, for appellants.—1.  The fact that said property was not in Brazoria County when said mortgage was filed for registration, or that the mortgagees were not residents of said county at said time does not impair the effect of such registration as constructive notice to persons acquiring rights in the mortgaged property subsequent to the date of registration and to the date when the property was located in said county, and the mortgagors became residents thereof. Vickers v. Carnahan, 4 Texas Civ. App., 305; McVeigh v. English, 30 Kan., 368; Wilson v. Leslie, 20 Ohio, 166; Barton v. Setling, 30 S. W. Rep., 314; Sherwin v. Gaghagen, 57 N. W. Rep., 1005; Cleveland v. Empire Mills, 25 S. W. Rep., 1055; Johnson v. Stellwagen, 34 N. W. Rep., 252; Gipson v. Warden, 14 Wall., 244; Jones on Chattel Mortg., sec. 337a.

2.  In a suit between the purchaser of property at a trustee's sale and a third party, the trustee having discharged all the duties imposed by the mortgage or deed of trust, is a competent witness to prove the execution of such mortgage or deed of trust.  Rev. Stats., art. 2246;

Menley v. Zeegler, 23 Texas, 88; Lang v. Daugherty, 74 Texas, 229; 2 Posey's Un. Cas., 674.

3. If the property mortgaged can be reasonably identified from all similar articles by the description given in the mortgage, or by the aid of those inquiries which the mortgage itself indicates and directs, the description is sufficient. Bank v. Bank, 84 Texas, 370; Willey v. Snyder, 34 Mich., 60; Jones on Chattel Mortg., secs. 53-54; Cobbey on Chattel Mortg., secs. 155, 156, 170, 171; Cox v. Coleman, 14 S. E. Rep., 608; King v. Howell, 62 N. W. Rep., 738; Boeger v. Langenberg, 42 Mo. App., 7.

*Masterson & Masterson*, for appellee.—1. The description of the property in the mortgage is not sufficient to create a lien or give notice of lien as against third persons. The number of the engine and boiler intended to be mortgaged was not given and that number was the only means of identifying the mortgage with the property it applies to. The description in the mortgage could apply equally to one thousand engines and boilers of that horse power, and the only additional description to the effect that the engine and boiler mortgaged was then in Velasco, when taken in connection with the proof that the engine and boiler which Chinn had was not in Velasco when the mortgage was filed, shows that this mortgage could not be applied to the property sequestered.

2. The mortgage was not offered in evidence as an original but expressly offered by agreement as a certified copy and therefore it rested entirely on the statute and was not admissible under the statute. Lignoski v. Crooker, 86 Texas, 327; Batterton v. Echols, 85 Texas, 215; Baxter v. Howell, 7 Texas Civ. App., 201, 26 S. W. Rep., 453.

JAMES, CHIEF JUSTICE.—Mahoney & Swanson gave appellants a chattel mortgage (deed of trust) on an engine and boiler on December 4, 1891, witnessed by J. S. Gray, and not acknowledged. The property was described as being in Brazoria County. The instrument was filed for registration with the County Clerk of Brazoria County on December 11, 1891. The property was not in Brazoria County when the mortgage was made, but was at that time bought of appellants and was shipped to Brazoria County to Mahoney & Swanson, from Tyler, Texas, later in December, 1891. Chinn obtained the property under mortgage given by Mahoney & Swanson after it came to Brazoria County. A sale was made by the trustee in June, 1894, under provisions of the deed of trust, and the property bought by appellant.

In August, 1894, appellant brought this suit against Chinn for possession of the property, with sequestration. Defendant answered, setting up title to the property and damages for wrongful seizure.

The grounds upon which the court placed its judgment for defendant are stated in the conclusions of law, viz: (1) That the sale by the trustee when the property was not in his possession or control was a nullity.

(2) That the filing of the mortgage in Brazoria County when the property was not in Brazoria County, and the mortgagees not residents of such county, was void as to defendant.

The first of these propositions is not correct as applied to this case. The instrument contained a provision that the trustee might sell with or without taking possession, and thus the contract itself relieved the sale from this objection. The second proposition is one of more difficulty. The property, when the mortgage was given, appears to have been in Smith County, and there awaited shipment to Brazoria County, where the contract stated the property to be. The mortgage was not registered in Smith County, but was deposited for registration in Brazoria on the 11th of December, at which time the property had not reached there, but it did arrive there soon afterwards and long before the adverse claim had originated.

The act relating to chattel mortgages, prior to that of 1879, provided that such mortgage should be registered in the county where the property is situated at the time (of registration; see Vickers v. Carnahan, 4 Texas Civ. App., 308), or in the county of the mortgagor's residence; and further, that if the mortgagee should permit the removal from the county in which the mortgage had been registered, it should become void as to creditors and purchasers, if not registered within four months in the county to which it was removed, so long as the same remains unregistered. The Act of 1879 omits this provision; but provides for a case of removal without the consent of the mortgagor, and as this act repeals the previous act, so far as inconsistent, it has been held that the said provision of the former act remained in force. Reed v. Spikes, 15 S. W. Rep., 122; Vickers v. Carnahan, supra.

It seems to us that it was the intention, at least where the property is removed by the consent of the mortgagee from the county in which it was when the mortgage was given, to authorize registration of the instrument in the county to which the property might be taken. The original provision, which we think continued in force, makes registration in such other county in such case essential to conserve the rights of the mortgagee, and, it will be observed, enables him to register it in such other county at any time, but with a loss of his rights as to third persons for such time as it may not be registered after the four months. In other words, when it is recorded in the county where the property was originally, this registration will be valid in the county to which it may be removed for four months, as to all persons; after that time, the original registration becomes ineffectual, and to protect himself against subsequent purchasers and creditors, the mortgagee must register it in such other county. It is therefore not a fair or reasonable interpretation of this statute to hold that the mortgage is not permitted to be registered in the latter county unless it had been registered in the former. We are of opinion that if the mortgage had not been registered at all until after removal with the consent of the mortgagee, there is statutory authority for filing it in the county to which the

property is removed, and constituting such registration notice.   In this case it clearly appears that the property was sent to Brazoria County with the mortgagor's consent, in fact it was destined for that county when bought.

It is stated in Vickers v. Carnahan, supra, that the provision requiring registration in the county where the property is situated at the time means at the time of registration.   We need not pass on this question, after what we have said.

It is claimed by appellant in this connection that as the property had not reached Brazoria County on December 11th, when the mortgage was deposited there, the registration was void, and obtained no force and effect by the property coming there afterwards; in other words, that it should at all events have been refiled after the property came into the county.   The mortgagor had, when the goods reached Brazoria, already caused the mortgage to be filed in that county, which was what the law requires; and we cannot sustain the narrow and unreasonable doctrine that it was essential in such case to withdraw and refile what was at that time on file.

It was also found by the court, as a fact, that the execution of plaintiff's mortgage had not been proved.   The suit was not against the mortgagor, in which case the execution of the mortgage would have been taken for granted unless denied on oath.   Baxter v. Howell, 7 Texas Civ. App., 201; Batterton v. Echols, 85 Texas, 215; Lignoski v. Crocker, 86 Texas, 327.   It was incumbent on plaintiff in this case to prove the execution of the instrument, whether he used the original or a certified copy.   Plaintiff offered to prove execution of the original by Burr, the trustee, and objection was sustained thereto on the ground that Burr was the person named as trustee in the instrument, no other objection being made.   The witness was competent to testify to the execution of the mortgage.   If objection had been made to his testifying because the subscribing witness was the person to make the proof, plaintiff may have been able to meet the objection.   So far as the objection urged was concerned the testimony should have been allowed.

The mortgage having been deposited with the clerk for registration, the mortgagee's rights are not affected by the failure of the clerk to make the proper entries, or to keep the paper in the proper place. Freiberg v. Megale, 70 Texas, 118; Cleveland v. Empire Mills, 25 S. W. Rep., 1055; Parker v. Bank, 34 S. W. Rep., 196.   Acknowledgment was not necessary to the registration of this instrument.   Batterton v. Echols, 85 Texas, 214.

It is also a contention that the registration was inoperative because the description in the mortgage did not sufficiently indicate that it had reference to this particular boiler and engine.   It was shown that these machines had numbers cast in them to identify them from others of same horse-power.   The descriptions in the mortgage are:   "One Ames engine with fittings and fixtures, 20 H. P. size 7.   One Ames boiler with fittings and fixtures, 25 H. P. size 5, which are in my possession

at Velasco, Brazoria County." There is no want of sufficient description, unless it is essential to give a complete description, one that embodies every distinctive feature of the property. This has never been held. Assuming, in accordance with what we have stated, that the registry was such as to inform defendant of the existence of the lien, then he was charged with notice of what the mortgage expressed. He was charged with knowledge that the mortgage was upon an Ames boiler and engine of certain size and horse-power, in Maroney & Swanson's possession in Brazoria County.

The boiler and engine, when the mortgage was given under which he holds, and when he bought, were in Brazoria County, and the fact that he bought under subsequent lien given by Maroney & Swanson, unmistakably tended to inform him that it was the boiler and engine that Maroney & Swanson had mortgaged, which he was dealing with. There was no evidence that such machines were so common in that locality or in Texas that a description of the boiler and engine without giving their numbers would affect the validity of the sequestration.

The boiler and engine were in Brazoria County when he acquired his title to them. His title came through a subsequent lien given by Maroney & Swanson, and his very title informed him that he was dealing with a boiler and engine that was or had been owned by them, and we hold that this put him on inquiry at least.

The above matters are all that appear to be necessary to discuss. The exception to the answer setting up damages was properly over ruled. The other questions are such that, attention having been called to them on this appeal, they will doubtless be eliminated on another trial. Railway v. Breadow, 36 S. W. Rep., 410.

*Reversed and remanded.*