### SHACKELFORD v. CLEMENTS et al.*
(No. 2898.)

Court of Civil Appeals of Texas. Amarillo.
Nov. 2, 1927.

Rehearing Denied Dec. 7, 1927.

1. Pleading ⬅123—General denial puts plaintiffs upon proof of their case as pleaded.

Effect of general denial is to put plaintiffs on proof of their case as they had pleaded it.

2. Chattel mortgages ⬅277—Petition to foreclose chattel mortgage held to state cause of action as against buyer of mortgaged property.

Petition to foreclose chattel mortgage, alleging execution, delivery, and recording of bill of sale conveying mortgaged property at date subsequent to filing of mortgage with county clerk, and that by reason of bill of sale one defendant claimed interest in property adverse to plaintiffs, held to state cause of action to foreclose as against this defendant.

3. Pleading ⬅34(3)—In absence of objection to form of petition, every reasonable intendment must be indulged in its favor when attacked by defendant as failing to ask relief against him.

Where no objection is made to form of allegations of petition, every reasonable intendment must be indulged in favor of it in determining defendant's contention that it was insufficient as failing to ask relief against him.

4. Pleading ⬅205(1)—Defective statement of cause of action is good as against general demurrer, if amendable.

Statement of cause of action will be held good as against general demurrer, if defects can be remedied by amendment.

5. Chattel mortgages ⬅277—Prayer for special relief in petition for chattel mortgage foreclosure held to comprehend foreclosure as against defendant who purchased from mortgagor.

Prayer for special relief in petition to foreclose chattel mortgage, asking that mortgagor and one who purchased property from him subsequent to filing of mortgage should be cited to answer, and asking that plaintiffs have judgment of foreclosure, held sufficient to warrant foreclosure as against buyer.

6. Chattel mortgages ⬅277—Prayer for general relief in petition for chattel mortgage foreclosure held to warrant relief against buyer from mortgagor, where facts stated were appropriate for such relief.

Prayer for general relief in petition to foreclose chattel mortgage held to warrant foreclosure as against one who bought chattels from mortgagor subsequent to filing of mortgage, where facts stated in petition were appropriate for this relief.

7. Appeal and error ⬅499(3), 690(2)—Error in admitting evidence held not reviewable; it not appearing that evidence was offered or objected to.

Whether there was error in admitting evidence of conversations held not reviewable by appellate court; it not appearing that such evidence was offered or objected to.

8. Chattel mortgages ⬅150(1)—Notice of chattel mortgage exists from time of filing, and not from time that clerk's index and entries are made.

Mortgagees filing chattel mortgage for record with county clerk are not bound to see that clerk performs his duty in making entries and index required by statute, and notice exists from time that mortgage is filed, and not from time that index and entries are made.

9. Chattel mortgages ⬅157(2)—Buyer of mortgaged chattels who denied that filing of mortgage was notice in favor of mortgagees, because it was mailed from clerk's office to mortgagees, was bound to show that mortgagees willfully or negligently retained mortgage.

Buyer of mortgaged chattels who claimed that filing of chattel mortgage in office of county clerk was not constructive notice in favor of mortgagees, on ground that mortgage was mailed from county clerk's office to mortgagees, had burden of showing that mortgagees willfully or negligently retained the mortgage after receiving it instead of returning it to the clerk's office at once.

Appeal from District Court, Wichita County; W. W. Cook, Judge.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 22, 1928.

Suit by J. W. Clements and others against F. L. Shackelford and another. From a judgment in favor of plaintiffs, defendant Shackelford appeals. Affirmed.

H. O. Williams and J. S. Dickey, both of Wichita Falls, for appellant.

George & Brannan and W. P. Smith, all of Wichita Falls, for appellees.

RANDOLPH, J. This suit was filed in the district court of Wichita county by appellees, as plaintiffs, against appellant and one Nantz, as defendants, to recover upon a note executed and delivered by Nantz to the plaintiffs, and for a foreclosure of a chattel mortgage lien given by Nantz to the plaintiffs upon a drilling rig. The appellant was made a party defendant, as claiming an interest in the mortgaged property, by reason of a bill of sale executed by Nantz to him, conveying the mortgaged property.

On trial before the court, without the intervention of a jury, judgment was rendered for the plaintiffs, for their debt and for foreclosure of the mortgage lien. The defendant Nantz did not appeal from this judgment, but defendant Shackelford appealed and presents the trial court's judgment for review here. The defendant Shackelford, before proceeding to trial, abandoned all of his answer filed in the case except his general demurrer and general denial.

The question presented for our decision, the trial court having found the facts upon the evidence, is, under such findings, were the plaintiffs entitled to a foreclosure of their chattel mortgage lien as against the defendant Shackelford?

[1] Shackelford contends that the plaintiffs' pleadings are insufficient to warrant a judgment against him because they seek no recovery against him. This question only arises under the general demurrer, or upon the insufficiency of the evidence to sustain the judgment. The general denial put plaintiffs upon proof of their case, as pleaded. 13 Michie's Digest, 1150.

[2, 3] This being correct, did the pleadings allege a cause of action against Shackelford and was plaintiffs' prayer for relief sufficient to authorize the judgment of foreclosure against him? Plaintiffs' petition alleges the execution, delivery, and recording of a bill of sale by Nantz to Shackelford, conveying the property in controversy at a date subsequent to the filing of their mortgage with the county clerk, setting out the bill of sale in hæc verba; that by reason of said bill of sale, the defendant Shackelford is claiming an interest in the property in controversy, which is adverse to the interest of the plaintiffs, and for that reason they make Shackelford a party defendant to the suit. Their prayer for relief is as follows:

"Wherefore, premises stated, the defendant J. D. Nantz having been duly cited, the plaintiffs pray that the defendant F. L. Shackelford be cited, in terms of law, to appear and answer their petition herein, and that they have judgment for their debt, interest, and attorney's fees and costs of this suit, and for the foreclosure of their chattel mortgage lien on the above-described rotary drilling rig, and that the same be decreed to be sold according to law, and for such other and further relief, both general and special, in law and in equity, to which they may be entitled."

What is the reasonable intendment of this pleading? It is that the plaintiffs' mortgage lien having been executed, delivered, and filed prior to the sale from Nantz to Shackelford, the plaintiffs' lien was superior to the adverse claim of defendant Shackelford. There having been no objection to the form in which these allegations are made, every reasonable intendment will be indulged in favor of the pleading. Whaley v. Thomason, 41 Tex. Civ. App. 405, 93 S. W. 212.

[4] A defective statement of a cause of action, if amendable, is good against a general demurrer. Northwestern Nat. Ins. Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185.

[5, 6] It is clear that the prayer for relief comprehends relief as against the claims or defenses of each of the defendants Nantz and Shackelford. But if it should be held that the prayer for special relief does not apply to the defendant Shackelford, yet, under the prayer for general relief, the trial court was fully authorized to render the judgment complained of by reason of the facts pleaded.

It has been held:

"The cause of action under our system of pleading depends upon the facts stated in the petition that are appropriate for a recovery rather than upon the particular breach laid, or the specific relief prayed, where there is a general prayer for relief, which, of course, must be understood to have reference and applicability to the facts alleged, whether the specific relief as specially prayed be granted or not." Lee v. Boutwell, 44 Tex. 151.

The court will grant relief under the prayer for general relief as the plaintiffs may show themselves to be entitled. Farrar v. Beeman, 63 Tex. 175.

[7] The defendant Shackelford further contends that it was error for the trial court to admit evidence of conversations between the parties to the suit and a third party, as to statements made regarding the filing of a written instrument. This proposition is noted as being germane to his first assignment of error. By referring to the first assignment, we find that it is based upon his bill of exception No. 1. On an examination of that bill, it does not appear that any conversation was offered in evidence

or was objected to. By reference to bill of exception No. 2 (the only other bill of exception of defendant in the record), no such evidence was offered or objected to. We therefore overrule this contention.

[8] Defendant also raises the question as to the right of the plaintiffs to a foreclosure, because the chattel mortgage in evidence is not shown to have been filed in the chattel mortgage records, and does not show to have been indexed as required by law, as a chattel mortgage, and that it was error for the court to permit such an instrument to be introduced in evidence as a chattel mortgage, in the absence of any evidence as to actual knowledge thereof.

As to the error alleged, it is charged that it was error because the defendant is not shown to have had any actual knowledge of the mortgage and the instrument itself was not constructive notice, because it was not properly filed in the chattel mortgage records and was not shown to have been indexed. The trial court found that the plaintiff Huffines, immediately after the execution and delivery to plaintiffs of the chattel mortgage, deposited same in the office of the county clerk of Archer county, Tex., on the 21st day of October, 1925, by delivering it to the clerk in his office and ordering and directing said clerk to file it, as a chattel mortgage, paying the customary fee therefor, and that the clerk placed his file mark as of that date on it. The evidence abundantly sustains this finding.

From this finding, the court concluded, as a matter of law, that the mortgage lien of plaintiffs was superior to any rights, titles, or claims of defendant Shackelford in the property.

When the mortgage was deposited with the county clerk for filing by the plaintiffs, their duty to protect creditors and subsequent purchasers and lienholders of the defendants ceased. They were not bound to see that the clerk performed his duty in making the entries and index required by the statute. Notice dates from the time the mortgage was filed, and not from the time the index and entries were made. Freiberg v. Magale, 70 Tex. 118, 7 S. W. 684. See, also, Parker v. Panhandle National Bank, 11 Tex. Civ. App. 702, 34 S. W. 196; Cleveland v. Empire Mills et al., 6 Tex. Civ. App. 479, 25 S. W. 1055; Scaling v. First National Bank, 39 Tex. Civ. App. 154, 87 S. W. 715.

[9] The defendant Shackelford insists that it appears from the evidence that the chattel mortgage was withdrawn after it was filed, and for that reason the filing in the first instance was inoperative. The evidence discloses that the mortgage was mailed to the plaintiffs by the clerk. Why this was done is not explained by the evidence; neither is

it shown when this was done, nor how long it remained out of the clerk's office before it was returned to him. The proof of the return to the clerk's office is attempted to be shown by a subsequent file mark placed on the instrument only. Certainly, if the clerk made a mistake in sending this mortgage out of his office, it devolved on the defendant to show definitely that the plaintiffs, instead of returning it at once, willfully or negligently kept the mortgage in their possession. As the plaintiffs had fulfilled the requirements of the law in the first instance, in the filing of the instrument, it was purely a matter of defense for the defendant Shackelford to prove that it was through the willful or negligent retention of the instrument in their possession by the plaintiffs that such instrument was not on file when he purchased the property. This could have been proved under defendant's general denial, but it must have been proved.

We have carefully considered all propositions and assignments, and, finding no reversible error, we affirm the judgment of the trial court.