## McKEEVER v. BROOKS–DAVIS CHEVROLET CO. et al.

### No. 1294.

Court of Civil Appeals of Texas. Eastland.
June 22, 1934.

Rehearing Denied July 13, 1934.

Smith & Smith, of Anson, for appellant.

Thomas & Thomas, of Anson, and L. R. Pearson, of Ranger, for appellees.

HICKMAN, Chief Justice.

This is a suit for rent instituted by appellant A. J. McKeever, the landlord, against his tenant, Brooks-Davis Chevrolet Company, a corporation. For reasons hereinafter to be noticed, E. W. Harrell and C. B. Pruet were made parties defendant. Pruet impleaded First National Bank of Anson, which bank in turn filed a plea of intervention. From a judgment awarding appellant a recovery against his tenant, Brooks-Davis Chevrolet Company, for the amount sued for, less certain offsets allowed by the trial court, but denying appellant any recovery against any oth-

er parties to the suit, this appeal has been prosecuted.

Findings of fact and conclusions of law were filed upon appellant's request, the substance of which, so far as material to an understanding of the issues presented for decision, is as follows: During the period from February 1, 1930, to March 1, 1933, Brooks-Davis Chevrolet Company was a tenant of appellant; the rented premises being a business house in the town of Anson. The tenancy was by virtue of three rental contracts as follows: (1) A written contract covering the period from February 1, 1930, to February 1, 1931, at a rental of $100 per month. (2) An oral contract entered into between the parties in January, 1931, later reduced to writing in August, 1931, covering the period from February 1, 1931, to February 1, 1932, at a rental of $50 per month. (3) An oral contract whereby said tenant leased said property from month to month beginning February 1, 1932, at a rental of $30 per month, under which contract the tenant occupied said property from February 1, 1932, to March 1, 1933. On December 10, 1930, Brooks-Davis Chevrolet Company executed and delivered to appellant its promissory note in the principal sum of $420, covering the balance of the rent due, and to become due, under the first rental contract for the period beginning February 1, 1930, and ending February 1, 1931. This note was also signed by E. W. Harrell "at the instance and request of the plaintiff, without any consideration therefor, and as a matter of accommodation solely in order that plaintiff A. J. McKeever by reason of said Harrell's signature might be able to sell said note, or borrow money thereon."

On September 23, 1930, during the period covered by the first rental contract, Brooks-Davis Chevrolet Company executed and delivered to Anson State Bank its promissory note in the principal sum of $4,000, and in order to secure said indebtedness, and as a part of the same transaction, it executed its chattel mortgage on certain personal property, the description of which will be set out hereinafter. This mortgage was filed for registration in the office of the county clerk of Jones county on December 11, 1930. During the month of November, 1930, this note and chattel mortgage were duly assigned by Anson State Bank to First National Bank of Anson, which latter bank thereby became the owner and holder of said note and chattel mortgage in due course. Thereafter, on or about June 2, 1932, the mortgagor, Brooks-Davis Chevrolet Company, by a written bill of sale of that date, sold, transferred, and delivered to said First National Bank of Anson, the owner of the $4,000 note and mortgage securing same, the property described in and covered by said chattel mortgage in part payment of its mortgage indebtedness, in consideration for which the bank credited said note with the sum of $3,000. Later, and on about February 20, 1933, the bank sold and delivered said property to one C. B. Pruet for a cash consideration then paid by Pruet to the bank. No question is presented as to the correctness of the judgment in favor of appellant against his tenant, Brooks-Davis Chevrolet Company. The foregoing facts will form a sufficient basis for a determination of the rights of the other parties.

We shall first consider the question of the correctness of the judgment denying appellant any recovery against the appellee E. W. Harrell. He pleaded want of consideration, and in the findings of fact the trial judge concluded that he signed the note without any consideration therefor and for the accommodation of appellant. This finding is well supported by the evidence. An accommodation party is not liable to the original payee for whose accommodation the note was signed. Negotiable Instruments Act, § 29, art. 5933, R. S. 1925; Brady v. Cobbs (Tex. Civ. App.) 211 S. W. 802; Austin v. Sisk (Tex. Civ. App.) 283 S. W. 535; Central Nat. Bank v. Lawson (Tex. Com. App.) 27 S.W.(2d) 125.

The judgment in favor of Harrell was correct for another reason. It will be borne in mind that the only liability asserted against Harrell was as the maker of the note for $420 evidencing the balance due and to become due as rent for the first period. The tenant, Brooks-Davis Chevrolet Company, pleaded certain credits and offsets to the indebtedness alleged by appellant, and in open court it was agreed that such credits be allowed to the amount of $353.50. In addition to these credits, the note upon which Harrell's name appeared bore credits of $320. The trial court concluded that these additional credits, amounting to $353.50, should be applied to the indebtedness which first accrued. No objection was made below, nor is there objection made here, to such application. The balance due on the $420 note at the time of the trial, including interest and attorney's fees, was $178.61. The court, by the application of the credits of $353.50, satisfied and discharged this balance, and applied the remainder of said credits upon indebtedness accruing during the second period. In other words, the note executed by Harrell had been fully paid prior to the trial and no judgment could, therefore, have been rendered against him thereon, even though he were not in fact an accommodation party.

Considering the correctness of the judgment as between appellant and the other parties, Pruet and the First National Bank, the controlling question is one of the priority of liens. By the application of the payments above noticed, all indebtedness owing by the tenant to appellant for rents during the period covered by the first contract was discharged. The bank's chattel mortgage, as above noted, was executed on September 23, 1930, and filed with the county clerk on December 11, 1930. The second rental contract between appellant and Brooks-Davis Chevrolet Company was entered into in January, 1931, for a term beginning on February 1st, thereafter. It is, therefore, made to appear conclusively that the chattel mortgage was registered before the commencement of the second year. The statute, article 5238, provides that the landlord's lien shall not continue, or be in force, for a longer period than the current contract year. This preferred lien of the landlord is subordinate to a pre-existing, registered chattel mortgage lien. American Type Founders' Co. v. Nichols, 110 Tex. 4, 214 S. W. 301; Hempstead, etc., v. Cochran, 60 Tex. 620; H. O. Wooten Grocer Co. v. Wade Meat Co. (Tex. Civ. App.) 37 S.W.(2d) 1090; Radford v. Bacon Securities Co. (Tex. Civ. App.) 18 S.W.(2d) 848; Gray v. McFaddin (Tex. Civ. App.) 8 S.W.(2d) 293.

The fact that the bank failed to file its chattel mortgage "forthwith" is unimportant. It was filed prior to the commencement of the period during which the rental accrued, and a failure to file it "forthwith" cannot be availed of by persons acquiring rights in the property subsequently to its registration. Cave v. Talley Co. (Tex. Civ. App.) 298 S. W. 912; Radford v. Bacon Securities Co. (Tex. Civ. App.) 18 S.W.(2d) 848; McCarty Motor Co. v. R. F. Finance Corp. (Tex. Civ. App.) 41 S.W.(2d) 258; Boody v. Star Furn. Co. (Tex. Civ. App.) 45 S.W.(2d) 291; Meacham v. O'-Keefe (Tex. Civ. App.) 198 S. W. 1000.

Neither is the question of priority affected by the failure on the part of the county clerk, if he did fail, to index the mortgage properly. When a chattel mortgage is duly filed with the proper county clerk it becomes constructive notice, unaffected by the failure of the clerk properly to index the same. Cleveland v. Empire Mills, 6 Tex. Civ. App. 479, 25 S. W. 1055; Parker v. Panhandle Nat. Bank, 11 Tex. Civ. App. 702, 34 S. W. 196; Ames Iron Works v. Chinn, 15 Tex. Civ. App. 88, 38 S. W. 247; Murray Co. v. Randolph (Tex. Civ. App.) 174 S. W. 825; Murray Co. v. Deal (Tex. Civ. App.) 175 S. W. 718.

Contrary to the contention of appellant, we hold that the description of the property contained in the chattel mortgage was legally sufficient. It was as follows: "Brooks-Davis Chevrolet Company of Jones County, Texas, hereinafter called the Mortgagor, in consideration of the sum of One Dollar to me in hand paid by the Anson State Bank of Anson, a corporation, hereinafter called Bank, * * * sell and convey unto said Bank, its successors and assigns, the following described personal property, now located and situated in the County of Jones, State of Texas, to-wit: all of our shop equipment, in the amount of $2979.54 according to the book value of our inventory on file in our office, also all furniture and fixtures, now belonging to the said Brooks-Davis Chevrolet Company, also eleven steel parts bins and 12 ft. show case, of the approximate value of $2100.00 according to the book value of our inventory on file in our office * * *."

Under the liberal rules obtaining in testing the sufficiency of the description of property in a chattel mortgage, the above description is so certainly sufficient that a discussion of the question would seem to be useless. The test is whether the description suggests inquiries which, if pursued, will disclose the property intended. This court has in recent years written upon the same question in at least three cases, viz., Handley v. McDonald & Ely Gin Co. (Tex. Civ. App.) 9 S.W.(2d) 372; Radford v. Bacon Securities Co. (Tex. Civ. App.) 18 S.W.(2d) 848; H. O. Wooten Grocer Co. v. Wade Meat Co. (Tex. Civ. App.) 37 S.W.(2d) 1090. Upon the authority of those decisions, to which may be added Harding v. San Saba Nat. Bank (Tex. Civ. App.) 13 S.W.(2d) 121, we hold that the foregoing description was legally sufficient.

Our conclusion from the foregoing is that the bank had a valid lien upon the property in controversy, superior to that of the landlord. In partial satisfaction of the indebtedness secured by this lien, the tenant sold the property to its mortgagor, the bank, who in turn sold same to appellee Pruet. No liability, therefore, existed against either the bank or Pruet. They did not convert the property. The other questions become immaterial in view of the above holdings.

There was no error in the judgment of the trial court, and same is, therefore, affirmed.