## CONTINENTAL GIN CO. v. HERNER et al.
### No. 3125.

Court of Civil Appeals of Texas. El Paso. Feb. 21, 1935.

Rehearing Denied March 7, 1935.

Coke & Coke and T. G. Murnane, all of Dallas, for appellant.

Head, Dillard, Maxey, Freeman & McReynolds, of Sherman, for appellee Herner.

PELPHREY, Chief Justice.

On August 16, 1921, a deed of trust was executed on the real property here involved. The notes secured by such deed of trust were from time to time renewed, the last renewal or extension being in 1930.

On June 30, 1925, the Ferguson Seed Farms, Inc., being the then owners of the property, purchased a complete gin outfit from appellant which was later installed in a new gin building on the property. A chattel mortgage, setting forth in detail a list of the machinery, a recital that the same was to be located on real estate in Grayson county, Tex., describing the same by metes and bounds, and bearing on its back the following endorsement, "Liens on Machinery-Situated on Realty"—"Chattel Mortgage—from Ferguson Seed Farms, Inc., Sherman, Texas, to J. S. McAnulty, Trustee, to secure the Continental Gin Company," was filed in the office of the county clerk of Grayson county before the machinery was delivered to the gin site. The chattel mortgage was registered in volume 67 of the chattel mortgage records on personal property as provided for by article 5490 (Rev. St.), and not in the volume kept for the registration of chattel mortgages on machinery situated on realty, as required by article 5498, a record which the clerk was actually keeping at the time the instrument sought to be filed was received. The land later became encumbered with other liens, mostly judgment liens, and admittedly inferior to the deed of trust lien and lien of appellant. Default being made in the payment of the notes, Mrs. Herner, the owner thereof, brought this suit to collect her debt and praying a foreclosure of her deed of trust lien on the realty. She made appellant and all the other record lienholders parties defendant. Trial before the court resulted in a judgment for Mrs. Herner for the amount of her note and a foreclosure of the deed of trust lien; judgment for appellant for the amount of its notes second and inferior to the lien of Mrs. Herner. The other lienholders were given judgment in their order following the rights of appellant. Appellant alone has appealed, and the issues here are only those arising between appellant and Mrs. Herner as a result of the failure of the clerk to comply with the statutory requirement of indexing appellant's chattel mortgage in the book prescribed in article 5498.

## Opinion.

Appellant in its five propositions asserts: (1) That the evidence showing that all steps required by article 5498 had been taken by it, its lien on the machinery was superior to Mrs. Herner's lien, even though she had no actual knowledge of appellant's lien at the time she renewed and extended her lien; (2) that its chattel mortgage, indorsed as required by the statute and deposited with the clerk, was constructive notice from the time of its deposit; (3) that the deposit of the chattel mortgage with the statutory indorsement thereon was equivalent to registration, notwithstanding the failure of the clerk to properly index it; (4) that Mrs. Herner, not having extended her debt and lien on the property by reason of a knowledge of the presence of the machinery thereon, but merely to prevent her debt from becoming barred, was not induced by the belief that there was no lien or encumbrance on the machinery; (5) that the mere extension of Mrs. Herner's previous debt and lien was not sufficient as a matter of law to enlarge said lien so as to include the machinery; and (6) that the court erred in holding that the machinery had become a fixture to the land.

In 11 C. J. § 224, p. 535, the general rule is announced: "When the mortgagee has complied with the statute, so far as lies within his power, the mortgage is regarded as filed or recorded from the time it is so deposited, and the mortgagee is not affected by the errors or omissions of the recording officer."

This rule finds support in the following cases: Freiberg v. Magale, 70 Tex. 116, 7 S. W. 684; Throckmorton v. Price, 28 Tex. 605, 606, 91 Am. Dec. 334; Freiberg v. Brunswick-Balke-Collender Company (Tex. App.) 16 S. W. 784; Cleveland v. Empire Mills, 6 Tex. Civ. App. 479, 25 S. W. 1055; Parker v. Panhandle Nat. Bank, 11 Tex. Civ. App. 702, 34 S. W. 196; Ames Iron Works v. Chinn, 15 Tex. Civ. App. 88, 38 S. W. 247; Murray Co. v. Randolph (Tex. Civ. App.) 174 S. W. 825; David v. Roe (Tex. Civ. App.) 271 S. W. 196 (writ dismissed); Cave v. Talley Co. (Tex. Civ. App.) 298 S. W. 912.

It here appears, without contradiction, that appellant did all that it was required to do by the statute, and that the failure to have the mortgage indexed in the proper volume was caused by the neglect of the officer. Ap-

pellant had no control over the clerk, he was not its agent for the purpose of registering the mortgage, and it would be a harsh rule indeed that would penalize it under the facts here.

We cannot agree with appellees in their contention that "registration," as used in the statute, was, not complete until the mortgage was indexed in the book called for by the statute and a brief description of real estate entered therein. This case presents a situation where neither of the parties has been lacking in diligence, and therefore there arises no question of estoppel. It appears, however, that the increased value of the property by reason of the installation of the machinery was not considered by Mrs. Herner's representative in the extension and renewal of her debt. This being true, then she will suffer no damage by being denied the right to include it in her lien.

Feeling confident of our position on the above question, we shall not enter into a discussion of the other questions presented.

The judgment of the trial court, in so far as it holds Mrs. Herner's lien superior to that of appellant, is reversed, and judgment is here rendered that appellant's lien be declared and fixed as superior to that of Mrs. Herner upon the chattels described in its mortgage. Otherwise, the judgment is not disturbed.

### On Appellant's Motion and Request for Additional Findings.

In this motion appellant has called our attention to the fact that the trial court expressly found that the machinery in question was permanently attached to the real estate as a permanent fixture and became a part of said real estate. In our judgment, we merely fixed appellant's lien as being superior to that of Mrs. Herner on the machinery, and, expressly, did not otherwise disturb the judgment.

In order that no confusion may arise in the trial court as to the carrying out of our judgment, we hold that the finding of the trial court as to the machinery becoming a permanent fixture, and therefore a part of the real estate, is not supported by the facts shown in the record, and the judgment based upon such finding is accordingly reversed.

We think it is clearly revealed by the record that the intention of the parties was that the machinery in question should not become a part of the realty, but should be a movable fixture, and therefore the finding of the court was unjustified.