MURRAY CO. et al. v. DEAL. (No. 6765.)

(Court of Civil Appeals of Texas. Galveston March 18, 1915.)

1. CHATTEL MORTGAGES ⬿150 — RECORD AS CONSTRUCTIVE NOTICE.

From the time a chattel mortgage is deposited for registration, as required by statute, it becomes constructive notice of the lien, unaffected by failure of the clerk to properly index the names of the parties.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 246–252; Dec. Dig. ⬿ 150.]

2. APPEAL AND ERROR ⬿837 — REVIEW — FACTS NOT PLEADED.

Facts shown by the evidence, but not pleaded, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3262–3272, 3274–3277, 3289; Dec. Dig. ⬿837.]

Appeal from District Court, Matagorda County; Samuel J. Styles, Judge.

Suit by D. C. Deal against the Murray Company and another. From a judgment for plaintiff, defendants appeal. Reversed, and judgment rendered for defendants.

W. C. Carpenter, of Bay City, and J. J. Eckford, of Dallas, for appellants. E. E. Bateman and Gordon Lawson, both of Palacios, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against the appellant, the Murray Company, to enjoin it from selling property consisting of land and the improvements thereon, owned by appellee, and situate in the town of Palacios, in Matagorda county, under a mortgage with power of sale executed by Clyde Randolph, a former owner of said property. The petition alleges that plaintiff purchased the property from Randolph on November 1, 1910, and said property was conveyed to him by Randolph by warranty deed, and that "petitioner had a certificate of title to said lands made which showed said lands and premises to be free and clear of all incumbrances, save and except one lien in favor of Wm. Williamson for the sum of $5,500." The petition proceeds as follows:

"That thereafter, on the 1st day of October, A. D. 1912, your petitioner transferred said property hereinbefore described by general warranty deed to W. J. Gover, who now holds said lands and premises in fee simple. Petitioner further represents: That on or about the 7th day of April, 1913, your petitioner received a letter from the Murray Company, stating that they held a lien on the above-described lands and premises for sum of $300, with interest, and desired to collect the amount, and further that this amount was secured by a lien in the form of chattel mortgage, on the above-described land and premises, and further that said lien was duly recorded in the Lien Records of Matagorda county, Tex. Your petitioner would further represent that said lien was improperly indexed in the Chattel Mortgage Records of Matagorda county; that is to say, the mortgagor and mortgagee were reversed, and the said Clyde Randolph was placed in the position of mortgagee, and the said Murray Company was placed in the position of mortgagor, as such mortgagor and mortgagee are indicated in the Lien Records of Matagorda county. And that he was an innocent purchaser without notice of the aforesaid claim or lien of the Murray Company, and that W. J. Gover, who now holds said lands and premises in fee simple, has failed and refused to prosecute this suit, looking only to your petitioner for any damage that he may sustain by reason of said claim or lien, under the terms of the general warranty clause of the deed from your petitioner to him as satisfaction for the amount of the said claim or lien of the Murray Company. Hence your petitioner brings this suit. Wherefore, premises considered, your petitioner prays that the defendant be cited to appear and answer this petition and for a writ of injunction restraining the Murray Company and any of their agents or attorneys from selling the lands or tenements hereinabove described, pending this suit, and that, on the final hearing hereof, the said chattel mortgage or lien be declared null and void

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in so far as it pertains to the properties hereinbefore described, and for such other and further relief, special and general, in law and equity, that he may be justly entitled to, and plaintiff in duty bound will ever pray."

After filing this petition the plaintiff made application to the judge of said court for a temporary injunction restraining the defendant and appellant R. H. Nevitt, the trustee named in said mortgage, from selling the property pending a final hearing of plaintiff's suit. This injunction was granted.

The answer of defendants, in addition to a general demurrer, contains the following:

"These defendants aver: That Clyde Randolph executed and delivered to R. H. Nevitt, trustee, his certain chattel mortgage dated the 27th day of July, A. D. 1908, and duly acknowledged by him on the 30th day of July, 1908, a true copy of which said chattel mortgage was filed on the 6th day of August, 1908, at 2 o'clock p. m. in the county clerk's office of Matagorda county, Tex., after having been by said county clerk carefully compared with the original and found to be a true copy thereof; and said copy was duly deposited among the chattel mortgages in said clerk's office. By the terms of said chattel mortgage, Clyde Randolph conveyed certain gin machinery therein described to said R. H. Nevitt, trustee, to secure the Murray Company in the payment of the indebtedness described in said chattel mortgage, amounting in the principal sum of $1,050, which was the purchase money of said machinery, and that there is now due on said purchase money the note for $400, maturing December 1, 1909, less a credit of $100 on the principal thereof and interest which was paid to September 16, 1912. That said machinery, at the time of the execution of said chattel mortgage, was at Palacios in the cars and was to be and is located at or near Palacios, Matagorda county, Tex. That said chattel mortgage, among other things, provided that said machinery was to be so located and to remain personalty, however and wheresoever located. Said chattel mortgage, among other things, provided that any sale, mortgage, or lien voluntarily created or attempted to be created on such property before the payment of these notes, or the removal of any of the above property, or any part thereof, from the above-named county, without first obtaining the written consent of the Murray Company, shall make all the said notes due, and give said trustee or the Murray Company or other holder full power to take possession of said property. Now, if said promissory notes are paid according to their face and tenor as stipulated, then in that event this instrument is to become void; but in case said notes or either of them, or any interest thereon, is not paid as stipulated as they respectively become due, then and in that event the Murray Company, the holder of said notes, or either of them, may declare all of said notes then due and payable at Dallas, whether same so appear upon their face or not, and the said trustee, or substitute trustee, is hereby authorized and empowered to proceed in the city and county of Dallas, to advertise said property for sale, by posting thereof, for ten days, on the bulletin board at the Dallas county courthouse, and sell the aforesaid property in front of the courthouse thereof, with or without first taking possession thereof, or having said property present at said sale, and make due and proper conveyances of the same to the purchaser or purchasers thereof; the trustee acting first deducting the cost and commissions allowed by law to sheriffs. We do, for our heirs, executors, and administrators, covenant that in case of a sale of said property by said trustee, or substitute trustee, all the recitals in the conveyance of the same shall be conclusive evidence of each and of all the facts essential to the validity of the sale. In case of the death or inability or refusal to act of the said R. H. Nevitt, or of his removal from Dallas county, Tex., then in that event the Murray Company, or other holder of said notes, shall have the power to appoint, by written instrument reciting the necessity, a substitute for the said R. H. Nevitt, who shall then have and possess all the powers conferred on the said R. H. Nevitt.

"These defendants aver that in said chattel mortgage the said R. H. Nevitt, trustee, or any substitute trustee appointed by the Murray Company, if necessary, had a right to sell said property under said chattel mortgage, but these defendants deny, as alleged in paragraph 2 of said petition, that the said R. H. Nevitt was about to sell said property under the terms of the said chattel mortgage, but, on the contrary, no such intention or purpose ever existed.

"These defendants aver that some time in the summer of 1913 the counsel for the Murray Company prepared a petition, thinking at the time that suit could be brought in Dallas county; but in order to make the subsequent purchasers of this property parties, who were the plaintiff, D. C. Deal, and W. J. Gover, both of whom resided in Matagorda county, the said Clyde Randolph being a nonresident, the attorney for the Murray Company decided that the district court of Matagorda county alone had jurisdiction of the subsequent purchasers; therefore defendants determined to file a suit against Clyde Randolph, the maker of said note and mortgage, and subsequent purchasers, in Matagorda county, and did so as soon as they found out this injunction did not prevent said action.

"These defendants aver that the petitioner, D. C. Deal, purchased said property, among other property, from Clyde Randolph, by deed dated November 1, 1910, more than two years after said chattel mortgage from Clyde Randolph to R. H. Nevitt, trustee, was filed for record in the county clerk's office of Matagorda county, Tex., and said D. C. Deal was charged by law with notice of the Murray Company lien upon said property, and his only remedy against same is the equity of redemption. And said chattel mortgage is a valid lien against said machinery as against said Deal.

"These defendants further aver that the failure to index said chattel mortgage, if such be a fact, does not in any wise impair the effect of the filing thereof and the constructive notice due to said filing, because there is no law requiring said chattel mortgage to be properly indexed in order to give notice.

"Wherefore, defendants pray to be hence discharged, with their proper costs in this behalf incurred."

The trial in the court below with ut a jury resulted in a judgment in favor of plaintiff, perpetuating the injunction restraining the sale by defendants under said mortgage of plaintiff's lots or the improvements thereon, and decreeing that said mortgage "be and the same is hereby found null and void, and is so declared."

[1] From the foregoing statement of the pleadings it is shown that the only lien claimed by appellants is under a chattel mortgage upon machinery sold by appellant, the Murray Company, to Randolph, and which he had installed in a building upon the property subsequently sold by him to appellee. The undisputed evidence shows that the mortgage was executed, and a true copy thereof duly filed in the office of the county clerk of Matagorda county, as alleged by ap

pellant, and that a portion of said purchase money, evidenced by a note executed by Randolph, is still unpaid. The validity of this mortgage is not questioned by appellee, and his petition only seeks to have said mortgage declared void as to him and appellants enjoined from enforcing it on the ground that it was not properly indexed, and that he had no notice of said lien at the time he purchased the property. It is well settled that, when a chattel mortgage has been deposited with the clerk for registration, the failure of the clerk to make the proper entries will not deprive the mortgagee of any of the benefits which his compliance with the statute confers upon him. From the time the mortgage is so deposited for registration, it becomes constructive notice of the mortgagee's lien, and the sufficiency of this notice is not affected by the failure of the clerk to properly enter the names of the parties upon the mortgage index. Freiberg et al. v. Magale, 70 Tex. 118, 7 S. W. 684; Ames Iron Works v. Chinn, 15 Tex. Civ. App. 88, 38 S. W. 247; Cleveland v. Empire Mills, 6 Tex. Civ. App. 479, 25 S. W. 1055.

[2] There is evidence tending to show that, at the time appellee purchased the premises from Randolph, a portion of the machinery covered by the mortgage was so placed in the gin house upon said premises as to have become a permanent fixture, and appellee, having no actual knowledge of the mortgage lien, might, under these facts, have acquired title to said machinery as an innocent purchaser of the realty; but these facts, not having been pleaded, cannot be considered.

The undisputed evidence shows that appellants have never asserted any lien upon plaintiff's land; and, plaintiff being charged with notice of the chattel mortgage upon the machinery, the judgment of the court below, canceling said mortgage and enjoining appellants from enforcing their rights thereunder, is without evidence to support it. It follows that the judgment should be reversed, and judgment here rendered for appellants; and it has been so ordered.

Reversed and rendered.

